NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CARLOS EDUARDO NAVARRETTE, *Appellant*.

No. 1 CA-CR 22-0083
FILED 3-21-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-104809-001
The Honorable Howard D. Sukenic, Judge (retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**     Carlos Eduardo Navarrette appeals from his convictions and sentences for sexual assault, aggravated assault, kidnapping, and misconduct involving weapons. Navarrette's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. We allowed Navarrette to file a supplemental brief, but he did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we modify the sentencing order by vacating the requirement that Navarrette pay for DNA testing. In all other respects, we affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**     Navarrette first met the victim, Megan,[2] at a restaurant. The two exchanged phone numbers and eventually left in separate cars for an after-party. They arrived at a dirt lot, and Megan parked next to Navarrette and entered the passenger seat of his car. In the car, Navarrette tried to kiss Megan despite her repeated refusals. Navarrette climbed on top of Megan in the passenger seat, preventing her from moving. He tried to have sex with Megan, and when she refused, he grabbed a gun from underneath the driver's seat and pointed it at her head. He told Megan to remove her clothes and demanded oral and vaginal sex. Megan complied with Navarrette's demands out of fear for her life. After the acts, Navarrette allowed Megan to leave. Megan drove home, and her family called the police.

---

[1]     We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

[2]     We refer to the victim by a pseudonym to protect her identity.

¶3         In the hours following the incident, Navarrette sent Megan apologetic text messages. Megan also consented to a nurse exam and rape kit, and officers investigated the crime and found the car and gun as Megan described.

¶4         The State charged Navarrette with Count 1, sexual assault (oral sex), a class 2 dangerous felony; Count 2, sexual assault (penile/vaginal intercourse), a class 2 dangerous felony; Count 3, aggravated assault, a class 3 dangerous felony; Count 4, kidnapping, a class 2 dangerous felony; and Count 5, misconduct involving weapons, a class 4 felony.

¶5         A jury convicted Navarrette on Counts 2, 3, 4, and 5 but found him not guilty of Count 1. The jury found aggravating circumstances of dangerousness and physical or emotional harm to the victim for Counts 2, 3, and 4. The court sentenced Navarrette to a "less than maximum term" of 12 years flat time for Count 2, a "less than maximum term" of 9 years for Count 3, a "less than maximum term" of 12 years for Count 4, and a presumptive sentence of 2.5 years for Count 5 as a repetitive offense. The court ordered the sentences to run concurrently, and Navarrette received presentence incarceration credit for 750 days. The court also ordered Navarrette to pay costs associated with DNA testing required under A.R.S. § 13-610.

¶6         Navarrette appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶7         We have read and considered counsel's brief and have reviewed the record for arguable issues. *See Leon*, 104 Ariz. at 300.

¶8         At all stages of the proceedings against him, Navarrette was present or waived his presence and was represented by counsel. The record reflects the superior court afforded Navarrette all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Navarrette's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

¶9         The court erred, however, by ordering Navarrette to pay costs associated with DNA testing required under A.R.S. § 13-610. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14 (App. 2013) ("[B]ecause § 13-610 does not

require a convicted defendant to be assessed the cost of his DNA testing, there was no basis for the provision to be imposed.").

## CONCLUSION

**¶10** We vacate the portion of the sentencing order requiring Navarrette to pay for DNA testing. We affirm Navarrette's convictions and sentences in all other respects.

**¶11** After the filing of this decision, defense counsel's obligations for Navarrette's representation in this appeal will end after informing Navarrette of the outcome of this appeal and his future options unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:   AA